# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3533
_____

SAKINAH TARAJEE JACKSON,
Former Wife,

     Appellant/Cross-Appellee,

     v.

BARRY CHRISTOPHER JACKSON,
Former Husband,

     Appellee/Cross-Appellant.

_____

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

July 9, 2019


PER CURIAM.

The former wife raises six issues on appeal from the trial court's final order on her petition for dissolution of marriage, her petition for relocation with the minor children, and the former husband's petition for dissolution of marriage. The former husband filed a cross-appeal and raises four issues. We find no error in the trial court's rulings on time-sharing, parental responsibility, and denying the former wife's petition for relocation. Because we find that the trial court's determination of the former wife's income is not supported by competent, substantial evidence, we are compelled to reverse the trial court's rulings with regards to child support, alimony, attorney's fees and

costs, and the determination that the award of child support should not be secured by life insurance.

When calculating the former wife's monthly income, the trial court included $3750 per month in gross salary, in addition to the income the former wife received from retirement and disability. But at the time of the hearing, the former wife was unemployed, and the only record support for the $3750 salary amount is a worksheet imputing to the former wife an annual income of $40,000. The inclusion of the $3750 amount in the calculation of the former wife's income is confounding because the trial court found that the former wife was not underemployed and that no income should be imputed. Because an error in calculating the former wife's income may have contributed to the denial of the former wife's requests for alimony and attorney's fees and costs, we reverse and remand for the trial court to reconsider those issues. We affirm all other issues raised by the former wife in her appeal.

In the cross-appeal, the former husband also challenges the trial court's findings regarding the former wife's income, arguing that the trial court erred by not imputing income to the former wife. In one paragraph of the final judgment, the court found that the former wife was not voluntarily unemployed and declined to impute income to her. But later, when the trial court concluded that the former wife did not need alimony, the court found that the former wife was voluntarily unemployed. Based on these inconsistent findings on whether the wife was voluntarily unemployed, coupled with the inclusion of the $3750 gross salary amount in the calculation of the former wife's monthly income, it is unclear whether the court intended to impute income to the former wife. Thus, we reverse for the trial court to determine whether the former wife was voluntarily unemployed and to make the appropriate findings to support any imputation of income.

The former husband also argues that the trial court erred when it computed child support by not including the former wife's non-taxed disability and reemployment assistance payments as part of her income. Because the Legislature has required trial courts to consider disability and reemployment assistance payments as part of a party's income for child support, the trial

court erred when it failed to include those payments as part of the former wife's income. *See* § 61.30(2)(a), Fla. Stat. (2018).

In his cross-appeal, the former husband also argues that the trial court erred when it failed to order the former wife to repay him for the extra child support he paid. Because the trial court failed to address this issue in its final judgment, we remand this issue back to the trial court for it to consider whether the recoupment of child support would be equitable. *See Wooten v. Wooten*, 510 So. 2d 1033, 1034-35 (Fla. 2d DCA 1987) (remanding the case back to the trial court to determine if the recoupment of overpayment in child support would be equitable).

In his last issue, the former husband argues that the trial court erred when it determined that the former wife should not have to secure her child support obligation with a life insurance policy. Because we are reversing the trial court's award of child support, we are compelled to remand this issue to the trial court for it to consider whether there are special circumstances that require the former wife to secure the award of child support.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROBERTS, ROWE, and KELSEY, JJ., concur.

―――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――

Tonya Holman, Shalimar, and Clark H. Henderson of Henderson Law Firm, P.A., Shalimar, for Appellant/Cross-Appellee.

Tonya Collins Petermann and Stephanie N. Greaves of Tonya C. Petermann, P.A., Fort Walton Beach, for Appellee/Cross-Appellant.

3